1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL E. SCHERFFIUS,                    No.  2:13-cv-1277 DAD P

12                 Plaintiff,

13        v.                                   ORDER

14   CHRISTOPHER SMITH et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                    1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2  1915(b)(2).

3  **SCREENING REQUIREMENT**

4        The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
6  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
7  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
9  U.S.C. § 1915A(b)(1) & (2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21  However, in order to survive dismissal for failure to state a claim a complaint must contain more
22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28  /////

1    The Civil Rights Act under which this action was filed provides as follows:

2
        Every person who, under color of [state law] . . . subjects, or causes
3       to be subjected, any citizen of the United States . . . to the
        deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
4       law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13   their employees under a theory of respondeat superior and, therefore, when a named defendant

14   holds a supervisorial position, the causal link between him and the claimed constitutional

15   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19                              **PLAINTIFF'S COMPLAINT**

20       In the present case, plaintiff has identified fourteen doctors and other prison medical

21   personnel as the defendants in this action.  In his complaint, plaintiff alleges that he suffers from

22   severe cervical stenosis complicated by other medical conditions from which he suffers.  Plaintiff

23   generally alleges that he has been dissatisfied with his medical care since 2007, and that

24   defendants have delayed or refused to provide him with certain medical tests and treatment,

25   including surgical repair of his spine and adequate pain management.  Plaintiff claims that the

26   defendants have violated his rights under the Eighth Amendment and requests the award of

27   damages and injunctive relief.  (Compl at 5-26 & Exs.)

28   /////

                                          3

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

It is clear from the allegations of plaintiff's complaint that he is dissatisfied with the medical care he has received in connection with his cervical stenosis while incarcerated.  However, to proceed on an Eighth Amendment claim for inadequate medical care, plaintiff should not simply name as a defendant every person who has been involved in his medical care.  The Supreme Court has held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere

4

1    with medical treatment, or may be shown by the way in which prison officials provide medical

2    care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

3          In any amended complaint plaintiff elects to file, he will need to allege facts

4    demonstrating how each defendant's actions rose to the level of "deliberate indifference."

5    Plaintiff is advised that mere differences of opinion between a prisoner and prison medical staff

6    or between medical professionals as to the proper course of treatment for a medical condition do

7    not give rise to a § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th

8    Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d

9    240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition,

10   before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

11   medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

12   will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.

13   1980) (citing Estelle, 429 U.S. at 105-06).  See also Wood v. Housewright, 900 F.2d 1332, 1334

14   (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and

15   look for substantial indifference in the individual case, indicating more than mere negligence or

16   isolated occurrences of neglect.").

17          Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

18   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care,

19   however, a plaintiff must allege facts showing that the delay was harmful.  See Berry v. Bunnell,

20   39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt

21   v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison

22   Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm

23   was substantial; however, such would provide additional support for the inmate's claim that the

24   defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

25   2006).  See also McGuckin, 974 F.2d at 1060.

26          Finally, insofar as plaintiff wishes to proceed against any of the defendants for the way in

27   which they processed his inmate appeals, he is advised that prison officials are not required under

28   federal law to process inmate grievances in a specific way or to respond to them in a favorable

1  manner.  It is well established that "inmates lack a separate constitutional entitlement to a specific

2  prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann

3  v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  See also, e.g., Wright v. Shannon, No. CIV F-05-

4  1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that

5  prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the

6  First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7

7  (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his

8  inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v.

9  Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009)

10  (plaintiff's allegations that prison officials screened out his inmate appeals without any basis

11  failed to indicate a deprivation of federal rights).

12       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

13  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

14  complaint be complete in itself without reference to any prior pleading.  This is because, as a

15  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

16  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

17  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

18  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19  **CONCLUSION**

20       Accordingly, IT IS HEREBY ORDERED that:

21       1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

22       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

23  shall be collected and paid in accordance with this court's order to the Director of the California

24  Department of Corrections and Rehabilitation filed concurrently herewith.

25       3.  Plaintiff's complaint is dismissed.

26       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

27  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

28  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

6

1   assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

2   complaint in accordance with this order will result in a recommendation that this action be

3   dismissed without prejudice.

4           5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

5   rights action.

6   Dated:  July 18, 2014

7

8   _____
    DALE A. DROZD
9   UNITED STATES MAGISTRATE JUDGE

10  DAD:9
    sche1277.14a

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28