UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. SCHERFFIUS, | No. 2:13-cv-1277 DAD P |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER SMITH et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
6  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
8  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  However, in order to survive dismissal for failure to state a claim a complaint must contain more
10 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
11 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550
12 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
13 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
14 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
15 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16 The Civil Rights Act under which this action was filed provides as follows:

17
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
18
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
19
> law, suit in equity, or other proper proceeding for redress.

20 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
21 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
22 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
23 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
24 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
25 omits to perform an act which he is legally required to do that causes the deprivation of which
26 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27 Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
28 their employees under a theory of respondeat superior and, therefore, when a named defendant

1  holds a supervisorial position, the causal link between him and the claimed constitutional

2  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

4  concerning the involvement of official personnel in civil rights violations are not sufficient. See

5  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## BACKGROUND

7  In his amended complaint, plaintiff has identified fourteen doctors and other prison

8  medical personnel as the defendants in this action. As in his original complaint, plaintiff alleges

9  that he suffers from a spinal condition and that, since 2007, defendants have failed to provide him

10  with adequate medical care. In this regard, plaintiff alleges that the defendants have ignored his

11  medical condition as well as his pain and suffering in violation of his rights under the Eighth

12  Amendment. In terms of relief, plaintiff requests the award of damages and injunctive relief.

13  (Am. Compl at 9-30 & Exs.)

## DISCUSSION

15  The allegations in plaintiff's amended complaint remain so vague and conclusory that the

16  court is unable to determine whether the current action is frivolous or fails to state a claim for

17  relief. The amended complaint does not contain a short and plain statement as required by Fed.

18  R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must

19  give fair notice to the defendants and must allege facts that support the elements of the claim

20  plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

21  Plaintiff must allege with at least some degree of particularity overt acts which defendants

22  engaged in that support his claims. Id. Because plaintiff has failed to comply with the

23  requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. In the

24  interests of justice, the court will grant plaintiff leave to file a second amended complaint.

25  If plaintiff chooses to file a second amended complaint, he must allege facts

26  demonstrating how the conditions complained of resulted in a deprivation of his federal

27  constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The

28  amended complaint must allege in specific terms how each named defendant was involved in the

deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

It remains clear from the allegations of plaintiff's amended complaint that he is dissatisfied with the medical care he has received in connection with his spinal condition while incarcerated. However, as the court previously advised plaintiff, the United States Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

In any second amended complaint plaintiff elects to file, he will need to allege specific facts demonstrating how each named defendant's actions rose to the level of "deliberate indifference." Plaintiff is advised that mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In this regard, plaintiff's difference opinion with the defendant doctors about the medication that should be administered to him, for example, does not by itself state a cognizable claim under the Eighth Amendment.

In addition, before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Wood v. Housewright, 900

F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect."). The court observes that throughout plaintiff's amended complaint, he acknowledges that defendant doctors and medical personnel have seen him dozens of times, referred him to specialists and for various diagnostic testing, and prescribed him pain medication and provided him physical therapy. In this regard, plaintiff's own allegations appear to belie any claim that the named defendants have ignored his spinal condition or failed to treat it in violation of his rights under the Eighth Amendment.

Finally, the court notes that delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, however, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in any second amended complaint plaintiff may elect to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////
/////
/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 20) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  March 14, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sche1277.14am