UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. SCHERFFIUS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>Defendants. | No. 2:13-cv-1277 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Before the court are two motions. First, plaintiff requests an extension of the June 2, 2017 deadline for filing pretrial motions. Plaintiff states that he is unable to meet the June 2 deadline because he "has been going through several surgeries in order to address [his] heart disease." (ECF No. 43.) In his second motion, plaintiff requests the appointment of counsel. Plaintiff states that he requires counsel because he has insufficient knowledge of the rules and procedures necessary to conduct a trial.

Plaintiff has demonstrated good cause for an extension of the pretrial motion deadline. That request will be granted. However, plaintiff has not shown that he requires the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

No trial has been scheduled in this case. On June 2, defendants filed a motion for summary judgment. A trial in this matter will not be scheduled unless defendants' summary judgment motion is denied, at least in part. Plaintiff has not, at this point, shown exceptional circumstances justifying the appointment of counsel. His motion will be denied without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 43) is granted. The deadline for filing pre-trial motions is extended through August 2, 2017.
2. Plaintiff's motion for appointment of counsel (ECF No. 44) is denied without prejudice.

Dated: June 15, 2017

DLB:9
DLB1/prisoner-civil rights/sche1277.36

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2