UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. SCHERFFIUS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>Defendants. | No. 2:13-cv-1277 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court are plaintiff's motions to continue the stay of these proceedings and to appoint counsel. For the reasons set forth below, the court will recommend the stay be continued and will deny the request for counsel.

**BACKGROUND/MOTION FOR STAY**

This case is proceeding on plaintiff's second amended complaint filed July 20, 2015. (ECF No. 25.) The court found service of the second amended complaint appropriate for defendants Tseng, Todd, Soltanian-Zadeh, Smith, Barnette, Galloway, and Williams. (ECF No. 27.) On June 2, 2017, defendants filed a motion for summary judgment. (ECF No. 42.) The court then granted plaintiff several extensions of time to file an opposition. (ECF Nos. 43, 46, 48.)

1

On August 22, 2017, plaintiff moved for a stay of these proceedings based on his medical needs. (ECF No. 51.) Defendants did not oppose the motion. (ECF No. 53.) On October 18, the court granted plaintiff's motion for a stay. (ECF No. 55.) Plaintiff was ordered to notify the court within 120 days about the status of his health and whether the stay should remain in place.

On February 7, 2018, plaintiff filed a motion to continue the stay based on his health problems. (ECF No. 57.) Again, defendants did not oppose the motion. (ECF No. 59.) The court ordered that the stay continue and that plaintiff notify the court within 120 days about the status of his health. (ECF No. 61.)

On July 18, 2018, plaintiff filed the present motion to continue the stay. (ECF No. 63.) Plaintiff again provides a letter from his doctor describing his health conditions and recent and future medical procedures. Defendants have not filed a response to plaintiff's motion.

The court finds plaintiff has provided good cause for an extension of the stay of these proceedings. Accordingly, the court will recommend the stay currently in place be extended for another 120-day period.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel. (ECF No. 64.) Plaintiff argues he is unable to afford counsel, the issues in this case are complex, he has physical and mental disabilities that make it difficult for plaintiff to present his case, and plaintiff has limited knowledge of the law.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Further, based on plaintiff's filings to date, he has the ability to articulate his claims with adequate clarity. The court does not find the required exceptional circumstances. However, the court recognizes that plaintiff's health limitations may prevent him from prosecuting this case in the future. The court will deny plaintiff's motion for the appointment of counsel without prejudice to its renewal at a later date.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 64) is denied.

Further, IT IS HEREBY RECOMMENDED that:

1. The stay of these proceedings set out in the court's February 15, 2018 order be continued and this case remain administratively closed; and
2. Plaintiff be ordered to notify the court within 120 days about the status of his health and whether the stay should remain in place.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/sche1277.stay fr(3)