UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. SCHERFFIUS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>Defendants. | No. 2:13-cv-1277 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs. Before the court are plaintiff's motions for the appointment of counsel and for continuance of the stay of these proceedings due to plaintiff's health. For the reasons set forth below, this court will deny plaintiff's motion for the appointment of counsel and recommend his motion to continue the stay be denied.

**BACKGROUND**

This case is proceeding on plaintiff's second amended complaint filed July 20, 2015. (ECF No. 25.) This court found service of the second amended complaint appropriate for defendants Tseng, Todd, Soltanian-Zadeh, Smith, Barnette, Galloway, and Williams. (ECF No. 27.) On June 2, 2017, defendants filed a motion for summary judgment. (ECF No. 42.) The

////

court then granted plaintiff several extensions of time to file an opposition. (ECF Nos. 43, 46, 48.)

On August 22, 2017, plaintiff moved for a stay of these proceedings based on his medical needs. Plaintiff explained that he had impending major surgeries. (ECF No. 51.) Defendants did not oppose the motion. (ECF No. 53.) On October 18, 2017, the court granted plaintiff's motion for a stay. (ECF No. 55.) Plaintiff was ordered to notify the court within 120 days about the status of his health and whether the stay should remain in place.

On February 7, 2018, plaintiff filed a second motion to continue the stay because he had just gone through two stent surgeries and was awaiting a major surgery for revision of a prior cervical spine fusion surgery. (ECF No. 57.) Again, defendants did not oppose the motion. (ECF No. 59.) The court ordered that the stay continue and that plaintiff notify the court within 120 days about the status of his health. (ECF No. 61.)

On July 18, 2018, plaintiff filed a third motion to continue the stay. (ECF No. 63.) He explained that he was still facing the major surgery for his spine. As he had with the prior requests for a stay, plaintiff provided a letter from his doctor describing his health conditions and recent and future medical procedures. Defendants did not file a response to plaintiff's motion and the court granted it on November 9, 2018. (ECF No. 67.)

**MOTION TO CONTINUE STAY**

In his fourth motion for a stay, plaintiff describes his many medical problems. (ECF Nos. 69.) However, he has not provided a doctor's letter explaining why he is unable to complete legal work. Defendants oppose plaintiff's motion. (ECF No. 70.) On May 31, plaintiff submitted a reply brief in which he updates the court on his medical issues.[1] (ECF No. 71.)

---

[1] The title of plaintiff's filing is "Ex Parte Communication to the Honorable Judge John A. Mendez and Deborah Barnes." The court is uncertain what plaintiff means by "ex parte." Typically, an ex parte filing is one to which the opposing party does not have the opportunity or right to respond. Cf. Portland Audubon Soc. v. Endangered Species Comm., 984 F.2d 1534, 1543 (9th Cir. 1993). Like all documents submitted by plaintiff, it is filed on the publicly-available docket in this case. If plaintiff intended to file this document under seal, he is instructed to review Local Rule 141. Plaintiff is also advised that the court will seal filings only upon a showing of a compelling reason for doing so. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010).

While it is apparent that plaintiff's has serious health problems, and the court appreciates that those problems may cause him difficulty in preparing an opposition to the summary judgment motion, the court cannot help but note that plaintiff's recent filing are detailed, well-reasoned, and substantial. Plaintiff's motion to continue the stay has three pages of well-reasoned and clearly written argument and almost 20 pages of attachments. Plaintiff's motion for the appointment of counsel is even more detailed – plaintiff's motion is 17 pages of argument, a table of contents for his exhibits, and over 80 pages of exhibits.

Plaintiff is able to prepare detailed briefs, with extensive factual support. That is exactly what is required to oppose a motion for summary judgment. The court finds plaintiff has not shown a basis for a fourth stay of these proceedings. He filed this action in 2013. Plaintiff is required to prosecute any action he brings. While circumstances may cause plaintiff to be unable to do so for a period of time, he does not make that showing now. If circumstances, such as surgery or other serious medical procedures, arise that prevent plaintiff from preparing legal documents, he may notify the court and will be permitted additional time to complete his legal work.

Accordingly, this court will recommend plaintiff's motion for a continuance of the stay be denied.

## MOTION FOR APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education, limited law library access, and

difficulty conducting investigations, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, for the reasons set forth in the prior section, the court does not find the required exceptional circumstances. Even if plaintiff's case has merit, he is able to articulate his claims well and thoroughly. This is not a case in which the court will attempt to find volunteer counsel.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 68) is denied.

Further, IT IS RECOMMENDED that plaintiff's motion to continue the stay (ECF No. 69) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/sche1277.stay(4)

4