UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. SCHERFFIUS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SMITH, et al.,<br><br>Defendants. | No. 2:13-cv-1277 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Presently before the court is plaintiff's motion for relief from judgment. (ECF No. 92.) For the reasons set forth below the court will recommend that the motion for reconsideration be denied.

**I.    Background**

By order dated February 6, 2020 the district court adopted the undersigned's findings and recommendations recommending that defendants' motion for summary judgment be granted. (ECF Nos. 86.) Judgment was entered, and this action was closed. (ECF No. 87.) On March 5, 2020, plaintiff filed a notice of appeal. (ECF No. 88.) While the appeal was pending before the Ninth Circuit Court of Appeals, plaintiff filed a motion for relief from judgment (ECF No. 92) and a third amended complaint (ECF No. 93). The appeal was dismissed on April 1, 2021. (ECF No. 95.)

Generally, once an appeal is filed, a district court no longer has jurisdiction to consider motions affecting the judgment. Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) (citing Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir. 1986)).  However, under Rule 4 of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the entry of judgment but before disposition of certain motions, including a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b), then the district court retains jurisdiction to consider and decide that motion and the notice of appeal becomes effective when that motion is resolved.  Because petitioner filed his motion more than 28 days after the entry of judgment, his motion is treated as one under Rule 60(b).

## II. Plaintiff's Motion

Plaintiff's motion states that his primary care provider (PCP) stopped working for the California Department of Corrections and Rehabilitation (CDCR) and was replaced with Dr. Dhillon. (ECF No. 92.)  Plaintiff indicates that PCP failed to facilitate communication between his cardiologist and his neurosurgeon.  As a result of care from his PCP, his cervical spine issues got worse.

Defendants oppose plaintiff's motion for relief from judgment.  (ECF No. 94.)  They argue that plaintiff's motion should be denied because it is unsupported and untimely.

## III. Legal Standards

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; ... or (6) any other reason justifying relief from the operation of judgment."

In order to prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly

2

presenting the defense." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000)). Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Aline Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To qualify for relief under Rule 60(b)(6), plaintiff must "establish the existence of extraordinary circumstances." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012). In addition, a party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and alteration omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn), 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (emphasis in original).

Moreover, when the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

### IV. Analysis

#### A. Plaintiff's Motion Appears Timely

Defendants argue that pursuant to Federal Rule of Civil Procedure 60(b) a motion for relief from judgment should be filed no more than a year after the entry of judgment. (ECF No. 94 at 5.) Judgement was entered on February 6, 2020. They state plaintiff's motion was filed on February 10, 2021. However, under the prison mailbox rule, a document is deemed served on the date a prisoner signs the document and gives it to prison officials for mailing. Houston v. Lack,

487 U.S. 266, 276 (1988). Plaintiff's motion is dated February 5, 2021. (ECF No. 92 at 6.) Accordingly, the court finds that it was filed within one year of the entry of judgment.

**B. Motion Fails to Show Plaintiff is Entitled to Relief from Judgment**

Plaintiff argues the court should grant him relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) because the court improperly denied his request for an extension of time to file an opposition to defendants' summary judgment motion. (ECF No. 92 at 1.)

Defendants filed a motion for summary judgment on June 2, 2017. (ECF No. 42.) Plaintiff sought and was granted four extensions of time to file a response to the motion. (ECF No. 43, 46, 48, 50.) Thereafter, plaintiff moved for a stay of the proceedings based on his medical condition. (ECF No. 51.) Plaintiff included a letter from his doctor describing major surgery that plaintiff was set to undergo and noted plaintiff's "many" health problems. The case was stayed with an order for plaintiff to notify the court within 120 days about the status of his health. (ECF Nos. 54, 55.)

In February 2018 plaintiff filed a second motion to continue the stay because he had just gone through two stent surgeries and was awaiting a major surgery revision of a prior cervical spine fusion surgery. (ECF No. 57.) Defendants did not oppose the motion. (ECF No. 59.) The court granted the request for a continuance of the stay and instructed plaintiff to notify the court of the status of his health within 120 days. (ECF Nos. 60, 61.) Plaintiff filed a third motion to continue the stay in July 2018. (ECF No. 63.) As with his prior requests for stay he explained that he was still facing major spinal surgery and included a letter from his doctor describing health conditions, recent and future medical procedures. Defendants did not file a response and plaintiff's motion was granted. (ECF Nos. 65, 67.)

Plaintiff filed a fourth motion for stay on March 15, 2019 describing his medical issues but did not provide a doctor's letter explaining why his medical condition rendered him unable to complete legal work. (ECF No. 69.) Defendants opposed the motion arguing they had been waiting years for resolution of their summary judgment motion. (ECF No. 70.) Plaintiff filed a reply containing an update on his medical issues. (ECF No. 71.)

////

4

The undersigned found that plaintiff's filings[1] indicated that plaintiff was able to prepare and file detailed, well-reasoned briefs, with extensive factual support, exactly what would be required to oppose a motion for summary judgment. (ECF No. 72.) The court denied plaintiff's motion to continue the stay finding that he had not shown a basis for a fourth stay. (ECF No. 74.)

Following the denial of his request, plaintiff sought and obtained a fifteen-day extension of time to file his opposition to defendants' motion for summary judgment. (ECF Nos. 75, 76.) Shortly thereafter, plaintiff filed an opposition to defendants' motion for summary judgment. Defendants' motion was granted, and judgment was entered.

The facts alleged in the motion for relief from judgment are not newly discovered. Plaintiff states that he received a new doctor in his objections to the undersigned's findings and recommendations recommending that plaintiff's motion for continuance of the stay be denied. (See ECF No. 73 at 2-5.) Further, many of the facts alleged in the instant motion were also provided to the court in plaintiff's reply to defendants' opposition to his fourth motion for continuance of the stay. (ECF No. 71.) The allegations presented in his motion for relief from judgment are not newly discovered and have already been presented and considered by the court. Thus, they do not constitute a sufficient basis for relief from judgment. See Pac. & Arctic Ry. And Navigation Co. v. United Trasp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991) ("Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings.").

Additionally, plaintiff has not explained how the denial of his motion for a continuance of the stay effected his ability to file an opposition to the motion for summary judgment. Plaintiff's complaint in this case was that defendant health care providers at Mule Creek State Prison provided constitutionally deficient medical care in violation of his Eighth Amendment rights. Plaintiff's allegation in the instant motion appears to be that non-defendant health care providers

---

[1] Plaintiff filed a motion to appoint counsel along with his motion to continue the stay. (ECF Nos. 68, 69.) The motion to continue the stay contained three pages of argument and almost 20 pages of attachments. (ECF No. 69.) The motion for the appointment of counsel contained 17 pages of argument, a table of contents for his exhibits, and over 80 pages of exhibits. (ECF No. 68.)

5

at California Medical Facility (CMF)[2] failed to adequately communicate with plaintiff's specialists. However, such an allegation fails to show that defendants engaged in conduct that could be construed as fraud, misrepresentation, or misconduct. Accordingly, the court finds that plaintiff has failed to show he is entitled to relief from the court order granting defendants' motion for summary judgment.

V.     **Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for relief from judgment (ECF No. 92) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/DB Prisoner Inbox/Civil Rights/S/sche1277.rel.judg

---

[2] Court records indicate that plaintiff has been housed at CMF since February 2018. (See Plaintiff's notice of change of address (ECF No. 58) and address indicated on all subsequent filings.)

6